ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| RUBÉN ERNESTO MONTALVO MARTÍNEZ y OTROS<br><br>Recurridos<br><br>V.<br><br>RAFAEL ARNALDO NADAL PALMER, por sí y en representación de la Sociedad Legal de Gananciales que tiene constituida con FULANA DE TAL y OTROS<br><br>Peticionarios | TA2025CE00248 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV00978<br><br>Sobre:<br><br>Nulidad de Contrato, Acción Reivindicatoria, Daños |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

La señora Inés Matilde Quintero Narváez (en adelante, Peticionaria o Quintero Narváez), solicita que revisemos la Orden que emitió el Tribunal de Primera Instancia, Sala de Bayamón, emitida el 18 de julio de 2025. Mediante esta el foro primario decretó dejar en suspenso una Moción de Desestimación que interpuso Quintero Narváez.

Evaluado el recurso, procedemos a denegarlo.

## I.

El 25 de febrero de 2025, Rubén Ernesto Montalvo Martínez y Felixberto Montalvo Álamo como herederos de María Pascuala Álamo Rodríguez, presentaron una demanda de nulidad de compraventa, reivindicación y daños contra Rafael Arnaldo Nadal

Palmer, por sí y en representación de la sociedad legal de gananciales que tiene constituida con fulana de tal y otros. Alegaron, en síntesis, que la señora María Pascuala Álamo Rodríguez, falleció el 27 de septiembre de 2015. Que el 17 de noviembre de 2023, el señor Nadal Palmer compareció a vender un bien inmueble en representación de la causante, con un poder presuntamente otorgado el 3 de octubre de 2023. Adujeron que Nadal Palmer representó ilegalmente a la causante porque esta había fallecido hacía ocho (8) años atrás. Por esta actuación, reclamaron la restitución de la propiedad, más daños y otros.[1] Luego de otros trámites, el 3 de julio de 2025, los demandantes solicitaron enmendar la demanda para sustituir el nombre de "fulana de tal" por el de Inés Matilde Quintero Narváez. Se solicitó autorización al foro primario para añadir el párrafo 8(a) a la demanda con la siguiente expresión: "La actuación del codemandado Rafael Arnaldo Nadal Palmer es ilegal y la hacía en representación y para beneficio económico de la Sociedad Legal de Gananciales que tiene constituida con la demandada Inés Matilde Quintero Narváez."[2]

Ese mismo día, Nadal Palmer interpuso una *Oposición a Solicitud para Enmendar la Demanda. Adujo que* estaba casado con la Sra. Quintero Narváez, pero que entre estos no existía una Sociedad Legal de Gananciales, toda vez que previo a contraer matrimonio estos suscribieron una escritura de Capitulaciones Matrimoniales en donde quedó establecido que el régimen económico del matrimonio sería el de separación de bienes. Incluyó como Anejo uno (1) una escritura de Capitulaciones

---

[1] SUMAC TPI, entrada 1.
[2] SUMAC TPI, entrada 39.

Matrimoniales otorgada el 24 de noviembre de 2014.[3] El 7 de julio de 2024 el foro primario autorizó la Demanda Enmendada y se ordenó a la Secretaría expedir el emplazamiento.[4]

Así las cosas, el 15 de julio de 2025, la codemandada Quintero Narváez presentó una *Moción de Desestimación* al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. En el petitorio también incluyó la alegación de Sentencia Sumaria.[5] Arguyó que no existía una reclamación que justificara la concesión del remedio solicitado en derecho. Ello, porque en la demanda enmendada se formularon alegaciones en contra de una supuesta sociedad legal de gananciales entre la compareciente Quintero Narváez y el Sr. Rafael Nadal Palmer. Señaló que esa entidad jurídica era inexistente debido a que los cónyuges contrajeron matrimonio bajo el régimen de separación total de bienes. Acompañaron a su escrito la Escritura número veinticuatro (24) sobre Capitulaciones Matrimoniales, otorgada el 24 de noviembre de 2014 ante el notario Rafael H. Román Jiménez.

Luego de otros escritos, el 18 de julio de 2025[6], la parte demandante interpuso una *Réplica a Moción de Desestimación*. Adujo que, en cuanto a Quintero Narváez, el caso se encontraba en sus inicios, que esta no había contestado la demanda y que el descubrimiento de prueba no había comenzado. Que realizó intentos por deponer al codemandado Nadal Palmer y que estaba pendiente en deponer a Quintero Narváez. Por tanto, indicó que no estaba en condiciones de presentar la oposición a la solicitud

---

[3] SUMAC TPI, entrada 41.
[4] SUMAC TPI, entrada 44.
[5] SUMAC TPI, entrada 53.
[6] SUMAC TPI, entrada 61.

de sentencia sumaria que presentó Quintero Narváez. Solicitó que se posponga la determinación sobre esa moción hasta tanto culmine el descubrimiento de prueba.

El 18 de julio de 2025,[7] el tribunal primario emitió una Orden para dejar en suspenso resolver la *Moción de Desestimación* que presentó Quintero Narváez, hasta tanto se le tome la deposición a esta. Determinó que una vez se tome la deposición, la parte demandante deberá presentar su oposición en el término de diez (10) días.

El 31 de julio de 2025 la señora Quintero Narváez solicitó reconsideración. El 1ro de agosto de 2025, el foro primario denegó el petitorio y realizó la siguiente expresión, "[c]úmplase con el descubrimiento de prueba y el tribunal proveerá."[8]

Aun insatisfecha, la peticionaria presentó un recurso de *certiorari* ante este foro revisor en el que alegó que abusó de su discreción el Tribunal de Primera Instancia de la siguiente manera:

> Al posponer la resolución de una moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil hasta tanto se realizará un descubrimiento de prueba cuando de la faz de la demanda no surgen alegaciones formuladas contra la promovente sino contra una sociedad legal de gananciales que se ha demostrado ser inexistente.

La parte recurrida Montalvo Martínez presentó una *Moción en Oposición a Certiorari*. Revisamos.

## II.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-

---

[7] SUMAC TPI, entrada 63.
[8] SUMAC TPI, entrada 70.

López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).   Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, por parte del Tribunal de Apelaciones, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia.  En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

32 LPRA Ap. V, R. 52.1

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida Regla dispone lo siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

BPPR v. SLG Gómez-López, *supra*, pág. 337.

Es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, supra, págs. 333-334; In re Collazo I, 159 DPR 141, 150 (2003). La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera

Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. BPPR v. SLG Gómez-López, *supra*, pág. 334, citando a Mejías v. Carrasquillo, 185 DPR 288, 306-307 (2012).

Así pues, como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

Ahora bien, la discreción cede en las circunstancias en las que se configura un craso abuso de esta o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*; Rivera et al. v. Arcos Dorados et al., *supra*. Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la

dirección del proceso". <u>Sierra v. Tribunal Superior</u>, 81 DPR 554, 572 (1959).

**III.**

La peticionaria Quintero Narváez cuestiona la determinación del foro primario de permitir que la parte demandante-recurrida realizara el descubrimiento de prueba dirigido a la peticionaria. Adujo, en síntesis, que de la faz de la demanda no surge alegación alguna contra la peticionaria en su carácter personal. Indicó que la causa de acción está dirigida exclusivamente contra una Sociedad Legal de Gananciales que no existe, según fue acreditado mediante la presentación de capitulaciones matrimoniales debidamente certificadas. Expuso que permitir que el caso continúe el trámite con el descubrimiento de pruebas, sería validar una reclamación infundada y especulativa. Veamos.

De los hechos que informa esta causa surge que la parte aquí peticionaria fue incluida en la acción, en sustitución a "fulana de tal", esposa del codemandado Nadal Palmer. La peticionaria solicitó que se desestimara la reclamación en su contra o que se dictara sentencia sumaria para excluirla del pleito. Ello, por existir entre las partes un régimen económico de separación de bienes. El foro primario determinó posponer su decisión hasta tanto culminen algunos trámites del descubrimiento de prueba, entre ellos, la toma de deposición pautada para referida codemandada.

Esa determinación, aquí cuestionada, es una preliminar y discrecional dentro de la facultad del magistrado para manejar el caso ante su consideración. Este trámite no se encuentra dentro de los criterios de la Regla 52.1 de Procedimiento Civil que amerite la expedición del auto de *certiorari.* Tampoco cumple con los

requisitos de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que justifique nuestra intervención.

## IV.

Por los fundamentos antes expresados, se deniega la expedición del auto de *Certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones